UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TERRON B. SALTZMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-3210 |
| | ) | |
| QUINCY POLICE DEPARTMENT, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## **MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently detained at Adams County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### **ALLEGATIONS**

Plaintiff alleges that he was detained at Adams County Jail at all relevant times. He named the following governmental units as defendants: the State of Illinois, the Quincy Police Department, City of Quincy, Adams County, Adams County Sheriff's Department, Adams

County Public Defenders Office, and the Adams County States Attorney's Office. The individual defendants named in Plaintiff's complaint are alleged to have been employed in the following capacities: Defendant Yates was chief of the Quincy Police Department; Defendant Grootens was the Adams County Sheriff; Defendant Pratt was the head of the Adams County Public Defenders Office; Defendant Farha was the Adams County State's Attorney; Defendants Jones, Keck, and Eyler were prosecutors; and Defendant Henze was a state court judge.

Plaintiff alleges that members of the Quincy Police Department arrested him without a warrant on September 22, 2023. Plaintiff alleges that he was thereafter detained in the Adams County Jail for 342 days without a preliminary hearing or indictment. Plaintiff alleges that at a detention hearing held August 29, 2024, no sworn testimony was offered, no cross examination was allowed, and no adversarial challenge was made. Plaintiff alleges that the Adams County Public Defenders Office maintains a policy to assign unqualified, untrained, and possibly unlicensed staff members to represent criminal defendants at these types of hearings. Plaintiff alleges that the Quincy Police Department, the Adams County State's Attorney's Office, and the "Judiciary" reached an agreement "to submit only written reports for probable cause determinations." (Doc. 1 at 3, ¶ 9).

Plaintiff alleges that his attorney told him that the judge presiding over his case had reviewed his motion to dismiss "and pre-determined in advance through ex-parte discussions she would not rule fairly." Plaintiff alleges that he remains in custody.

## DISCUSSION

The Fourth Amendment requires a judicial probable cause determination within a reasonable amount of time following a warrantless arrest. *Gerstein v. Pugh*, 420 U.S. 103, 126 (1975). Probable cause hearings conducted within 48 hours of arrest presumptively meet this

requirement, unless a plaintiff can show that his probable cause determination was unreasonably delayed. *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991). When a hearing is not provided in that timeframe, "the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance." *Id.* at 57.

Plaintiff does not allege facts regarding his underlying arrest, nor does he name the officers that arrested him as defendants. He appears to assert only that the alleged failure to provide a judicial probable cause hearing within a reasonable amount of time after his arrest, the alleged failure to conduct an adversarial proceeding related to such a finding, and the alleged conspiracy to limit the types of evidence presented violated his constitutional rights.

Plaintiff's allegation that he did not receive a probable cause hearing for 342 days is sufficient to permit a plausible inference that the length of time he waited was not reasonable for constitutional purposes. *Id.* Plaintiff, however, does not have a constitutional right to an adversarial proceeding related to same, nor does the Fourth Amendment forbid consideration of hearsay and written testimony. *Gerstein*, 420 U.S. at 120 ("[A]dversary safeguards are not essential for the probable cause determination required by the Fourth Amendment…[The issue] traditionally has been decided by a magistrate in a nonadversary proceeding on hearsay and written testimony, and the Court has approved these informal modes of proof.").

Plaintiff also can only proceed against those officials personally responsible for the alleged prolonged detention. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Defendants Grootens or other unnamed jail officials presumably failed to facilitate a probable cause hearing, though Plaintiff will not be able to hold Defendant Grootens

liable just because he was in charge. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). The Court finds that Plaintiff states a Fourth Amendment claim against Defendant Grootens in his individual capacity for the alleged failure to provide a probable cause hearing within a reasonable time.

The State of Illinois, state officials acting in their official capacities, and the Adams County Jail are not "persons" amenable to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State[,] nor its officials acting in their official capacities are "persons" under §1983."); *see Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (holding the Cook County Jail was not a person under Section 1983). Plaintiff's allegations do not permit a plausible inference that the judges and prosecutors he named as defendants acted outside their respective roles during the judicial process, and, therefore, they are entitled to absolute immunity. *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017); *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). Public defenders are not state actors amenable to suit. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). To the extent that Plaintiff challenges events that occurred in an ongoing criminal case, *Younger v. Harris*, 401 U.S. 37 (1971), requires the Court to abstain from ruling on such matters.[1] The Court finds that Plaintiff fails to state a claim against Defendants State of Illinois, Adams County Jail, Adams County Public Defenders Office, Adams County State's Attorney's Office, Farha, Jones, Keck, Eyler, Pratt, and Henze.

Defendants Quincy Police Department, City of Quincy, Adams County, Adams County Sheriff's Department, and Yates may only be held liable if an official policy or practice caused Plaintiff's alleged constitutional deprivation. *Monell v. Dep't of Social Srvcs. of City of New York*, 436 U.S. 658 (1978). Plaintiff alleges that Defendants Quincy Police Department and

---

[1] Plaintiff's claims do not appear to be barred by the favorable termination requirement espoused in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008) ("Fourth Amendment claims as a group do not necessarily imply the invalidity of a criminal conviction, and so such claims are not suspended under the *Heck* bar to suit.").

prosecutors agreed to only submit written reports for probable cause hearings and that the public defenders maintained a policy to not present an adversarial challenge. As discussed above, Plaintiff does not have a constitutional right to an adversarial probable cause determination, and, therefore, the Court finds that he fails to state a claim against Defendants Quincy Police Department, City of Quincy, Adams County, Adams County Sheriff's Department, and Yates. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (absence of underlying constitutional violation defeats claims based on *Monell*).

**Plaintiff's Motion to Request Counsel (Doc. 4)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

**1.     Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a Fourth Amendment claim against Defendant Grootens in his individual capacity for the alleged failure to provide a probable cause hearing within a reasonable time. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**2.     This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to**

the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. **If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

10. **The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

11. **The clerk is directed to terminate Defendants State of Illinois, Adams County Jail, Adams County Public Defenders Office, Adams County State's Attorney's Office, Farha, Jones, Keck, Eyler, Pratt, Henze, Quincy Police Department, City of Quincy, Adams County, Adams County Sheriff's Department, Yates as defendants.**

12. **The clerk is directed to attempt service on Tony Grootens pursuant to the standard procedures.**

13. **Plaintiff's Motion [4] is DENIED with leave to renew.**

Entered this 21st day of November, 2025.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE